IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Elan C. Lewis, | ) | Case No.: 8:21-cv-3484-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

This matter is before the Court with a Report and Recommendation of United States

Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local

Civil Rule 73.02(B)(2) of the District of South Carolina.[2]  Plaintiff Elan C. Lewis ("Lewis" or

"Plaintiff"), filed this action *pro se* on October 22, 2021, pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 1346(b)(1), *et. seq.*, against Defendant United States of America ("United

States" or "Defendant").  (DE 1.)  Plaintiff alleges claims of negligence, gross negligence, and

medical malpractice concerning Bureau of Prisons ("BOP") staff's failing to diagnose his tonsil

cancer and the subsequent medical treatment he received while incarcerated at the Federal

Correctional Institution, Williamsburg ("FCI Williamsburg") between 2016 and 2020.  (DE 1.)

Defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment on May

16, 2022, asserting that Plaintiff filed his Complaint beyond the applicable statute of limitations

---

[1]     This caption reflects the parties remaining in the litigation.

[2]     The recommendation has no presumptive weight, and the responsibility for making a final
determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-
71 (1976).  The court is charged with making a de novo determination of those portions of the Report and
Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole
or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28
U.S.C. § 636(b)(1).

and equitable tolling does not apply.  (DE 13, p. 1, 21.)  Plaintiff filed a response in opposition (DE 16), and the Defendant United States filed a reply (DE 21).  On September 27, 2022, the magistrate judge issued a Report and Recommendation, recommending that Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment be granted.  (DE 25.)  For the reasons stated below, the Court adopts the Report and Recommendation and incorporates it herein and grants Defendant's motion.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation.  However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

Plaintiff is a former federal inmate who was incarcerated at FCI Williamsburg in Salters, South Carolina, from October 28, 2011, through January 7, 2020, and at institutions within the Federal Correctional Complex, Butner ("FCC Butner") in North Carolina from January 7, 2020, until his release from federal custody on June 14, 2021.  (DE 13-1, ¶ 4.)  On November 22, 2019, Plaintiff, acting *pro se*, filed an administrative tort claim with the BOP, alleging staff at FCI Williamsburg failed to provide him with adequate medical treatment, thereby causing him injuries from tonsil cancer.  (Id. at 5.)  The BOP denied the administrative claim by letter dated April 7, 2020, and mailed the letter to Plaintiff by certified mail on or about April 8, 2020.  (Id. at 14–18.) The letter informed Plaintiff that if he was dissatisfied with the decision, he had six months from the date that the letter was mailed to bring suit in federal court.  (Id. at 15.)  However, Plaintiff did not file the present action until more than a year after that date, on October 22, 2021.  (DE 1.)

## DISCUSSION

On October 11, 2022, Lewis filed an objection to the Report.  (DE 26.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review."  Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Lewis objects to the Report for the following reasons: 1) Magistrate Judge Austin erred in ruling that Plaintiff failed to establish that an extraordinary circumstance was present such that he was unable to file timely, and that he should not be afforded equitable tolling under the law (DE 26, p. 2), and 2) Magistrate Judge Austin erred in her ruling that Plaintiff should not be granted leave under rule 56(d) to conduct discovery necessary to respond to Defendant's Motion to dismiss (DE 26, p. 4).  The Court addresses both objections *seriatim*.

First, as to Plaintiff's equitable tolling defense predicated on extraordinary circumstances which prevented him from timely filing his FTCA claim, the Report ably and comprehensively addresses why Lewis's reasons do not meet the standard for equitable tolling.  Plaintiff contends that

> [he] first filed his administrative claim while he was being house at FCI
> Williamsburg.  Plaintiff continued to make requests regarding his medical
> treatment, which resulted in his transfer to FMC Butner to begin treatment for his
> newly diagnosed cancer.  Upon his arrival at FMC Butner, Plaintiff underwent
> immediate cancer treatment from approximately January of 2020 to June of 2021.
> During his treatment, Plaintiff was housed in a special unit which did not afford
> him the access to mail or the traditional grievance system.  Plaintiff's treatment for
> cancer rendered him unable to take any further steps regarding his claim as he was
> under the control and supervision of Defendant[].

(DE 26, p. 3 (internal citations omitted).)  Nevertheless, these facts do not overcome Plaintiff's high burden to establish equitable tolling under the FTCA.  See Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016) (To be entitled to equitable tolling, plaintiffs must "show that they have pursued their rights diligently *and* extraordinary circumstances prevented them from filing on time." (emphasis added)).  As noted in the Report, the FTCA requires a claimant to file an administrative claim with the appropriate federal agency using the Standard Form 95 before commencing a civil action in a district court.  See 28 C.F.R. § 14.2; see also 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").  When the United States has denied an administrative claim filed under the FTCA, a claimant has "six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented" within which to bring suit in federal court.  28 U.S.C. § 2401(b).  The FTCA is a limited waiver of sovereign immunity, and therefore, courts must strictly interpret and apply it. See United States v. Sherwood, 312 U.S. 584, 590 (1941); Gould v. U.S. Dep't of Health & Hum. Servs., 905 F.2d 738, 741 (4th Cir. 1990).

4

Pursuant to 28 U.S.C. § 2401(b), any tort claim against the United States is barred unless "action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Consequently, the applicable statute makes clear that the six-month statute of limitations begins to run when the agency mails the notice of final denial without regard to when or if the notice is received. 28 U.S.C. § 2401(b); see Berti v. V.A. Hosp., 860 F.2d 338, 340 (9th Cir. 1988); see also Carr v. Veterans Admin., 522 F.2d 1355, 1357 (5th Cir. 1975) ("While it might be more equitable if the short period of limitations provided by 28 U.S.C. § 2401(b) commenced with receipt by the claimant of notice of the administrative agency's denial of the claim, the plain words of the statute defeat [this] argument.").

While Plaintiff's cancer treatment may qualify as an extraordinary circumstance, his actions do not demonstrate diligent pursuit of his rights. The Report notes, "[g]iven that Plaintiff submitted his administrative claim on November 22, 2019, even assuming he never received the denial letter, he was permitted to file an action in federal court on May 22, 2020, six months after the date he submitted his claim." (DE 25, p. 12); see 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). "This section provides diligent counsel with the opportunity to pursue a plaintiff's rights in federal court if the agency has not issued a determination within six months." Raplee v. United States, No. PWG-13-1318, 2015 WL 9412520, at *2 (D. Md. Dec. 22, 2015), aff'd, 842 F.3d 328 (4th Cir. 2016). Lewis did nothing to pursue or inquire about his claim for several months. Accordingly, the Court overrules Lewis's objections as to equitable tolling of the statute of limitations.

As to Plaintiff's discovery objection, Plaintiff contends that his "request for discovery was specifically tailored to elicit the precise evidence necessary to establish that Defendants acted to prevent Plaintiff from timely filing his claim." (DE 26, p. 4.) Notwithstanding Plaintiff's intent, the proffered scope of discovery would not resolve or overcome Plaintiff's failure to meet his due diligence burden for equitable tolling. Plaintiff contends that the discovery sought "to include the certified mail log for the specialized unit to which he was housed at FMC Butner . . . is vital in order for Plaintiff to establish that Defendants, through deceit, prevented Plaintiff from timely filing his claims." (Id.) While this evidence *might* reveal misconduct, it will not answer why Plaintiff choose not to file his complaint, given his claim that he did not receive a response to his tort claim from the government. Therefore, this objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment (DE 13) is granted.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 2, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.